Ashby vs. Watson.

---

### ASHBY vs. WATSON.

1. The answer of a garnishee is not governed by the rules of technical pleading.

2. A garnishee in his answer stated, "that he had purchased a note of a certain date, and amount, given by defendant in execution, and assigned to the garnishee before he was summoned, and therefore, he owed the defendant in execution nothing." This will authorize the garnishee to prove that he had a bond, or any other claim against the defendant, exceeding his debt to the defendant.

## ERROR to Chariton Circuit Court.

LEONARD & BAY for Plaintiff in error.

#### POINTS AND AUTHORITIES.

1. The circuit court improperly excluded the bond on Thomas Watson, offered by Daniel Ashby. The matter in issue was, whether or not Daniel Ashby was, at the time he was summoned as garnishee, indebted to Thomas Watson, and the bond would have conclusively shown that Ashby owed Thomas Watson nothing, but on the contrary, that Thomas Watson was indebted to Ashby. See act of 1835, concerning "Attachment," art. 2, sect. 15, 16, 19, 20; Adm'r. of Brotherton v. Anderson, 6 Mo. Rep. p. 388.

STRINGFELLOW for Defendant in error.

#### POINTS AND AUTHORITIES.

1. It is contended that the answer only shows an *off-set*, and if the bond could not be received to sustain a like plea of off-set, it could not be admitted here. It does not prove a *payment*, so as to disprove the indebtedness. The plaintiff in error, is bound by his answer, and can introduce no evidence but such as is authorized by the answer. The bond is not the note, set out in the answer; and the judgment was correct. Chase vs. Chase, 8 Mo. Rep. 104.

---

Ashby vs. Watson.

---

NAPTON, J. delivered the opinion of the court.

This was a suit commenced before a justice of the peace by John Watson, against Thomas Watson, in which Daniel Ashby, the plaintiff in error, was summoned as garnishee. Judgment was rendered against Ashby before the justice, for $129 58, from which he appealed to the circuit court. The answer of Ashby to the interrogatory touching his indebtedness was, that at the time of the service of the garnishment, he owned a note on Thomas Watson for $151 51, due the 1st Jan., 1843, and therefore, he owed said Watson nothing. The trial before the justice took place in November, 1843, and the process had been served on Ashby the August preceding. At the trial in the circuit court, the plaintiff below, proved that Ashby was indebted to Thomas Watson, in the sum of $129 58, but it also appeared that before the service of the process on Ashby, he had purchased of one Lisbon Applegate, a bond on said Watson for $151 51, due the 1st January, 1843, which was proved to have been executed by Watson, at the time of its date, and to be genuine, and to have been assigned for value received to said Ashby, previous to the service of the garnishment. The court refused to permit the plaintiff in error to read said bond in evidence, and gave judgment against him for $129 58. Exceptions were taken to the opinion of the court, a motion made for a new trial, and overruled, and the case brought to this court by writ of error.

The counsel for the defendant in error insists, that the bond was properly excluded; because, first, the garnishee in his answer, to the interrogatories, had described it as a note; and second, had it been truly described, it was only a set-off, and was therefore insufficient to disprove indebtedness.

In relation to the first point, it is sufficient to observe, that the answer of the garnishee is not governed by the rules of technical pleadings, and if it be substantially sustained, it matters not that he has failed to employ the proper legal terms. Nor does there seem to be much force in the remaining objection, for the bond was not offered as a set-off, but merely to show that Ashby was not indebted to Thomas Watson. Had a suit been instituted by Thomas Watson against Ashby, the latter it is true, could not have availed himself of this bond as a set-off, because its amount exceeded the jurisdiction of the justice, and the Legislature have thought proper to provide another tribunal before which a demand of this character must be established. But the question before the court was, whether Ashby was indebted to T. Watson, and the bond offered by Ashby, conclusively showed, (with the testimony,) that

Watson was indebted to him. The court was not called upon to give judgment in favor of Ashby, for the balance which appeared due to him, as it would have been, had the bond been offered as a set-off, but simply to decide whether any indebtedness existed on the part of Ashby. If none existed, he was entitled to be discharged. In truth, the answer of the garnishee may be regarded as a simple negative, and the question for the court was merely as to the legality of the evidence offered to sustain this answer. Had the bond been for a sum ten times greater than it was, would it not still tend to establish the truth of the answer? The question of jurisdiction has nothing to do with it.

Judgment reversed and cause remanded.